IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LEROY HANLEY                                                                               PLAINTIFF

V.                    Case No. 3:23-CV-00086-KGB-BBM

MARTIN O'MALLEY, Commissioner,
Social Security Administration[1]                                                DEFENDANT

## **RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     **INTRODUCTION**

On January 5, 2021, Leroy Hanley ("Hanley") applied for Title II disability benefits, alleging disability beginning on August 25, 2020. (Tr. at 17). His claims were denied both initially and upon reconsideration. *Id*. After conducting a telephone hearing on March 21, 2022, the Administrative Law Judge ("ALJ") denied Hanley's application on April 4, 2022.

---

[1] On December 20, 2023, Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner O'Malley is automatically substituted as the Defendant.

(Tr. at 29–30). Following the ALJ's order, Hanley sought review from the Appeals Council, which denied his request for review. (Tr. at 1). The ALJ's decision thus stands as the final decision of the Commissioner, and Hanley now seeks judicial review.

For the reasons stated below, the Court recommends that the Commissioner's decision be reversed and the case remanded for further consideration.

## II.   THE COMMISSIONER'S DECISION

The ALJ found that Hanley had not engaged in substantial gainful activity from his alleged onset date of August 25, 2020, to his date last insured of September 30, 2021. (Tr. at 20). At Step Two, the ALJ found that Hanley had the following severe impairments: degenerative disc disease ("DDD"); degenerative joint disease ("DJD"); carpal tunnel syndrome ("CTS"); and obesity. *Id*.

After finding Hanley's impairments did not meet or equal a listed impairment (Tr. at 21), the ALJ determined that Hanley had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with the following restrictions: (1) he could never climb ropes, ladders, or scaffolds; (2) he could only occasionally climb ramps and/or stairs; (3) he required a cane in his non-dominant upper extremity to ambulate away from his workstation; (4) he could only occasionally balance, stoop, crouch, crawl, and/or kneel; and (5) he could perform frequent, but not constant, fingering and handling bilaterally. (Tr. at 23).

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Hanley was unable to perform any of his past relevant work as a truck driver but that he could perform other jobs existing in significant numbers in the national economy, including

the occupations of labeler, lens-block gauger, and lens inserter. (Tr. at 28–29). The ALJ therefore concluded that Hanley was not disabled. (Tr. at 29).

## III. DISCUSSION

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is "supported by substantial evidence on the record as a whole and whether it is based on legal error." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> [O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) (internal quotations and citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole to support the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  **Hanley's Arguments on Appeal**

Hanley argues on appeal that the ALJ committed reversible error at Step Three by failing to find Hanley's DDD met Listing 1.15; failed to evaluate Hanley's subjective complaints pursuant to SSR 16-3p and *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); and failed to take Hanley's limited overhead reaching and fingering abilities into account when determining his RFC. In response, the Commissioner maintains that the ALJ properly considered all evidence of Hanley's medical impairments and that the ALJ's decision is supported by substantial evidence.

C.  **Analysis**

The Court finds this case to be a close call. The ALJ provided a thorough analysis in his decision, and the issues were well-briefed by the parties. After careful review, this Court suggests remand for additional evidence is warranted for the following reasons.

In determining Hanley's RFC, the ALJ considered objective laboratories and objecting imaging. (Tr. 24–25). The only Magnetic Resonance Imaging ("MRI") of Plaintiff's back, however, was "markedly limited" because of "large degree of patient motion artifact." (Tr. 332). Radiologist Aaron J. Wallace, M.D., unsatisfied with this imaging, recommended "repeat[ing] examination when the patient is better able to hold still." *Id.* Upon review of the record, it appears another MRI was never completed.

Nevertheless, the MRI revealed "diffuse disc bulge at C5-6 with an associated left-sided disc protrusion projecting into the left C5-6 neural foramen." (Tr. 332). Imaging also showed diffuse disc bulge at C3-4 and small diffuse disc bulge at C6-7. (Tr. 330). The ALJ recognized the MRI results, as well as other abnormal x-ray, electromyography, and nerve conduction studies, and concluded: "the undersigned finds the claimant's laboratories of record consistent with his residual functional capacity assessment [RFC]." (Tr. 25). Because the Court is unsure what to make of the ALJ's consideration of Hanley's flawed MRI, the Court cannot find with certainty that the ALJ's RFC is supported by substantial evidence.

Additionally, Hanley argues that the evidence reveals he is greatly limited with his right-hand grip strength and that the RFC fails to account for this. The Court agrees. Evidence of record calls into question whether Plaintiff's right-hand limitations preclude his ability to perform work involving "frequent, but not constant fingering and handling bilaterally." (Tr. 23). For example, on at least two occasions, doctors reported Hanley was "[u]nable to open [his] hands and [his] fists remain clenched." (Tr. 428, 624). On another occasion, his doctor reported: "No ability to grip on R, hand is locked in partially opened position." (Tr. 436). Accordingly, remand is also appropriate to develop the record on this point and resolve whether Mr. Hanley can perform work with frequent fingering and handling bilaterally.

The ALJ and the Commissioner provide some valid reasons to discount Plaintiff's allegations of *complete* disability, and the Court is mindful that it was Plaintiff's burden to prove he is disabled. Further, the Commissioner's reminder that the Court should decline

5

an invitation to reweigh the evidence and come to a different conclusion is well taken. (Doc. 12 at 12). As such, the Court does not take lightly recommending remand of this case. However, the record remains unclear on these important issues, and further development of the record is necessary.

Should Chief Judge Baker accept this Court's recommendation, the Court suggests the Commissioner obtain additional diagnostic testing and, if appropriate, obtain the services of a medical expert. The Commissioner should also fully consider Plaintiff's right-hand limitations as it relates to his RFC.

## IV. CONCLUSION

The Court finds that the ALJ's decision is not supported by substantial evidence. Therefore, it is recommended that this matter be REVERSED AND REMANDED to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of July 2024.

_____
UNITED STATES MAGISTRATE JUDGE